R. J. Page, for appellant.    G. C. Lockhart, for appellee.

---

EDWARD VINCENT *v.* EDMUND DUFF.

**Statutory Liens.**

Liens created by statutes cannot, as against creditors or innocent purchasers, be enforced unless the statute has been complied with; and where no lien is reserved in a deed to secure the payment of interest on the balance of purchase money the vendor has no lien for such purposes.

**Personal Judgment.**

Where a claim is sued upon and it is sought to enforce a lien, and the debt was not the debt of the defendant originally, nor one that he subsequently assumed, there can be no personal judgment.

APPEAL FROM BARREN CIRCUIT COURT.

March 27, 1880.

OPINION BY JUDGE HINES:

There is nothing in the record to justify the court in concluding that appellee, Duff, was guilty of any concealment or misrepresentation that would operate as a waiver of his lien on the land sought to be subjected. The judgment against appellant is erroneous, how-

ever, in two particulars. First, there should have been no personal judgment against appellant, as the debt sued on was not his debt originally, nor is there anything tending to show any subsequent assumption of the debt by him; and, second, the land should not have been subjected to the payment of interest as no lien was reserved therefor in the deed. Such liens are purely statutory, and cannot, as against creditors or innocent purchasers, be enforced unless the statute has been complied with by specifying the amount due on the purchase price. If the deed, as in this instance, specifies the amount to be paid, with no reference to interest, the lien extends, as against creditors and purchasers, to the amount of the specified debt without interest until after the debt becomes due, and then the land would be liable for six per cent. only. Whatever the liability of the estate of Mayfield may be for ten per cent. interest it was clearly error to adjudge that the land, in the hands of a subsequent purchaser, was liable to sale for its satisfaction.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*Lewis & Porter, for appellant.*
*William Lindsay, Duff & Allcock, for appellee.*